Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343

*Attorney for Plaintiff*
And those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| YAZMIN GONZALEZ, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>ASPIRE LAW GROUP PLLC, a California professional corporation,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:25-cv-00505<br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff YAZMIN GONZALEZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against ASPIRE LAW GROUP PLLC ("Aspire" or "Defendant") to stop its illegal practice of placing unsolicited phone calls with artificial or prerecorded voice messages to phone numbers registered on the federal Do Not Call registry, and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

1. Defendant Aspire is a law firm. As a part of its marketing, Defendant placed thousands of unsolicited phone calls with prerecorded voice messages to solicit new business.

2. Defendant did not obtain express written consent prior to placing these unsolicited phone calls, and, therefore, is in violation of the Telephone Consumer Protection Act (“TCPA”), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to “a torrent of vociferous consumer complaints about intrusive robocalls.”

4. The TCPA instructed the Federal Communications Commission to “prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers.” 47 U.S.C. § 227(c)(2).

5. By placing phone calls using prerecorded voice messages to people who have registered their phone numbers on the national database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys’ fees.

## PARTIES

7. Plaintiff YAZMINE GONZALEZ is a natural person residing in El Paso, Texas.

8. Defendant Aspire is a Michigan law firm.

9. Aspire’s registered agent is Dorf M. Stuart, 2751 E Jefferson Av, Suite 400, Detroit, MI 48207-4105.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating phone calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

13. Defendant is a law firm.

14. As part of its marketing, Defendant makes calls to thousands of consumers phone numbers using an artificial or prerecorded voice message.

15. Defendant failed to obtain consent from recipients.

16. Plaintiff received a series of phone calls from various telephone numbers to her cellular phone ending in 1859 soliciting legal services for loans and debt relief.

17. On August 19, 2025, Plaintiff received a phone call voicemail that played a prerecorded voice message advertising loans and/or debt relief. The prerecorded voice message contained a phone number to call back.

18. Plaintiff received two additional calls containing prerecorded messages

19. Plaintiff did not give prior express written consent to receive any of the alleged calls.

20. None of the alleged calls were made to Plaintiff for emergency purposes.

21. On September 18, 2025, Plaintiff called back the number in the voicemail. Plaintiff interacted with an agent from Alliant Solutions Group with a retainer agreement from Aspire Law Group.

22. Defendant is not registered pursuant to § 302.101 of the Texas Bus. & Com. Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendant.

23. Defendant does not qualify for an exemption under § 302.053.

24. Plaintiff was harmed by the calls. These calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, caused Plaintiff's cell phone battery to be depleted, used up cellular data, and prevented Plaintiff from otherwise using her telephone for lawful purposes.

## CLASS ALLEGATIONS

25. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to the filing of the Complaint (2) Defendant placed call(s) to the person's phone number (3) that played an artificial or prerecorded voice.
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to the filing of the Complaint (2) Defendant placed call(s) to the person's phone number (3) that played an artificial or prerecorded message.
>
> **Texas Class**. All persons in Texas who: (1) from the last 4 years to the filing of the Complaint (2) Defendant placed call(s) to the person's phone number (3) for soliciting products and services

26. The following people are excluded from each Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed phone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

28. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

30. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether the phone calls were caused by Defendant;

b. Whether Defendant obtained express consent prior to placing the phone calls;

c. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

32. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this

controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice Messages**
**(On behalf of Plaintiff and the TCPA Class)**

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

35. The calls played an artificial or prerecorded voice message.

36. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop their illegal calling campaign.

37. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

38. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

39. On behalf of himself and the class, Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation.

**<u>SECOND CAUSE OF ACTION</u>**
**Violations of The Texas Bus. & Com. Code § 305.053**
**(<u>On behalf of Plaintiff and the Texas Subclass</u>)**

40. Plaintiff incorporates the foregoing allegations as if set forth herein.

41. The foregoing acts and omissions of Defendant constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq.

42. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

43. On behalf of himself and the class, Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

**<u>THIRD CAUSE OF ACTION</u>**
**Violations of Texas Bus. & Com. Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(<u>On behalf of Plaintiff and the Texas Subclass</u>)**

44. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

45. Defendant made solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. & Com. Code § 302.101.

46. As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. & Com. Code § 302.302(a).

47. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant.

48. As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101, on behalf of himself and the class, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**FOURTH CAUSE OF ACTION**
**Violation of 82.0651 Civil Liability for Prohibited Barratry**
**(<u>On Behalf of Plaintiff and the Texas Class</u>)**

49. Plaintiff realleges the preceding paragraphs and incorporates them herein as if set forth herein.

50. This cause of action arises under Tex. Gov't Code § 82.0651, which allows a person to recover damages from illegal barratry.

51. Barratry is the solicitation of employment to prosecute or defend a claim with the intent to obtain a personal benefit. *State Bar of Tex. v. Kilpatrick*, 874 S. W.2d 656, 658 n.2 (Tex.1994).

52. Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, is entitled "Prohibited Solicitations and Payments."

53. Rule 7.03 provides, in relevant part, as follows:

(a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain....

As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. *Id.* R. 7.03(a), (f)

54. A lawyer shall not send, or deliver, or knowingly cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence.

55. Plaintiff was solicited for legal services by Defendant. Plaintiff did not initiate communication with Defendant.

56. Plaintiff was targeted by Defendant despite not having a preexisting relationship with Defendant.

57. Defendant's conduct violated at least Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

58. Plaintiff was solicited on behalf of Defendant so that Defendant would benefit financially.

59. Defendant knew or should have known that its authorization to tele-solicit clients was in violation of Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct and Section 38.12(b) of the Texas Penal Code.

60. Defendant violated Texas Penal Code § 38.12 when it solicited employment for itself by telephone to obtain economic benefit.

61. Defendant violated Texas Penal Code § 38.12 when it with intent to obtain professional employment used coercion, duress, fraud, intimidation, misleading, deceptive, and false claims. Penal Code 38.12(d)(1)-(2)(E-F) Barratry and Solicitation of Professional Employment.

62. A person who was solicited by conduct violating Section 38.12 (Barratry and Solicitation of Professional Employment) (a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

63. A person who prevails under Subsection (c) shall recover from each person who engaged in barratry: (1) A penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees.

64. On behalf of himself and the Texas Class, Plaintiff seeks statutory damages, actual damages, and attorney's fees as permitted by Texas law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate § 227(b) of the TCPA, and § 302.101 and § 305.053 of the Texas Bus. & Com. Code;

C. An order declaring that Defendant's conduct was willful and knowing;

D. An order declaring that Defendant's actions, as set out above, violate § 227(b) of the TCPA, § 302.101 and § 305.053 of the Texas Bus. & Com. Code, and Tex. Gov't Code Ann. § 82.0651 (c);

E. An award of $1,500 per call in statutory damages arising from § 227(b) for each intentional violation;

F. An award of $1,500 in statutory damages arising from each violation of Texas Bus. & Com. Code § 305.053;

G. An award of $5,000 in statutory damages arising from each violation of Texas Bus. & Com. Code § 302.101;

H. An award of $10,000 in statutory damages arising from each violation of Texas Tex. Gov't Code Ann. § 82.0651(c);

A. An injunction requiring Defendant to cease all unlawful phone calls;

B. An award of reasonable attorneys' fees and costs; and

C. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 30, 2025

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date stated below, the foregoing was filed through the Court's electronic filing system and will be sent electronically to all parties of record via the Court's electronic filing system.

Date: October 30, 2025

/s/ Mark L. Javitch
Mark L. Javitch